UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| GEOSTABILIZATION INTERNATIONAL, LLC, ) ) ) | |
| ) | Civil Action No. 5: 25-415-DCR |
| Petitioner, ) ) | |
| V. ) ) | |
| ) | **MEMORANDUM OPINION** |
| GEOSPECIALTIES, LLC, ) ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner GeoStabilization International, LLC's ("GSI") motion to compel Respondent Geospecialties, LLC to respond to a subpoena duces tecum ("Motion to Compel"), or alternatively, to transfer the motion to the issuing Court. [Record No. 1] Having reviewed all relevant filings, the Court will grant the alternative relief sought and transfer the Motion to Compel to the United States District Court for the District of Colorado.[1]

This action arises pursuant to Rules 37(a)(2) and 45 of the Federal Rules of Civil Procedure and was initiated for the limited purpose of compelling Geospecialties to produce documents in response to a subpoena duces tecum issued May 21, 2025. [Record No. 1] The subpoena was issued pursuant to Rule 45 in connection with a matter pending in the United States District Court for the District of Colorado. [*Id.*] *See Geostabilization International,*

---

[1] Geospecialties' motion to modify petitioner's subpoena duces tecum and motion for attorneys' fees and costs also are pending. [Record No. 6] Inasmuch as the Motion to Compel is being transferred to the Colorado District Court, this Court will deny without prejudice those additional motions filed with this Court.

- 1 -

*LLC v. Justin Anderson,* 1:24-cv-00562-RMR-KAS. Upon review, the Court finds exceptional circumstances favor transferring this motion to the District of Colorado.

Federal Rule of Civil Procedure 45(f) which governs transfers under the circumstances presented provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Rule 45(f) does not define "exceptional circumstances." However, the Advisory Committee Notes on Rule 45(f) explain that courts considering transfer should focus primarily on "avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *Deman Data Sys. v. Schweikert*, Civil Action No. 14-199-DLB-CJS, 2015 WL 12977016, at *1 (E.D. Ky. Jan. 12, 2015) (quoting Fed. R. Civ. P. 45(f) adv. comm. note (2013)). Nonetheless, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* (quoting Fed. R. Civ. P. 45(f) adv. comm. note (2013). The decision to transfer a motion under Rule 45(f) is discretionary and may be made either on motion of a party or *sua sponte*. *Boutte v. Jackson Offshore Operators, LLC*, Civil Action No. 2: 25-MC-20, 2025 WL 2924673, at *2 (S.D. Ohio Oct. 15, 2025).

Transfer of the Motion to Compel to the Colorado District Court pursuant to Rule 45(f) is appropriate in the present case. The Colorado District Court is better positioned to assess

the scope of the subpoena and determine whether the requested documents constitute trade secrets, proprietary information, or confidential material *and* whether those designations should affect production. GSI contends that responsive documents necessarily include allegedly trade secrets, proprietary, and confidential information because the Colorado action centers on GSI's claims that Justin Anderson, Chief Executive Office of Geospecialties, is unlawfully using such material. [Record No. 1 at 2, 4]

In addition, the Colorado case has been pending since February 28, 2024, and the court in that district has already resolved multiple discovery disputes. The Colorado District Court is intimately familiar with the underlying facts and legal issues, and it has played a substantial role in managing the case. Thus, judicial economy favors having all discovery disputes resolved by the same court to ensure consistency in discovery-related rulings. *See F.T.C. v. v. A± Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranting transfer of subpoena-related motions when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

More importantly, a ruling by this Court on the Motion to Compel risks interfering with the Colorado District Court's management of the underlying action. In overseeing the Colorado case, that court amended its scheduling order to extend discovery through January 30, 2026. [Record No. 1-8] *See Ginett v. Federal Express Corp.*, No. 97-5481, 1998 WL 777998, at *3 (6th Cir. Oct. 21, 1998) (recognizing that Rule 16(b) authorizes district courts to issue scheduling orders governing the timing of discovery). The question of whether to permit nonparty discovery outside that period is best resolved by the Colorado District Court because the closure of discovery in the Colorado action is imminent.

The undersigned is concerned that ruling on the Motion to Compel could disrupt the Colorado court's carefully managed discovery schedule. And transferring the motion allows the Colorado District Court to determine whether enforcement of the subpoena is appropriate considering the case's procedural history and current schedule. *See Gov't Emps. Health Ass'n v. Actelion Pharms., Ltd.*, No. 2:22-MC-37, 2022 WL 5414401, at *2 (S.D. Ohio Oct. 7, 2022) (quoting *Lipman v. Antoon*, 284 F. Supp. 3d 8, 12 (D.D.C. 2018)) ("[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying action."); *Deman Data Sys*, Civil Action No. 14-199-DLB-CJS, 2015 WL 12977016, at *2–3 (transferring under Rule 45(f), expressing "concern[ ] that a ruling on the pending Motion to Compel may disrupt the [issuing court's] case schedule").

Finally, transfer will not unduly burden Geospecialties. Rule 45(f) permits attorneys authorized to practice before this Court to file papers and appear on the motion as officers of the issuing court, thereby mitigating any hardships associated with litigating in another forum. In addition, travel is unlikely to be required, as discovery conferences in the Colorado litigation have frequently occurred *via* videoconference, making it less likely that the Kentucky-based counsel would be required to appear in person. *See Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting that the burden on the nonparty would be minimal given courts' widespread use of video and teleconferencing following COVID-19, as well as the Advisory Committee Notes' guidance that when a motion is transferred, "judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties.") Moreover, the Motion to Compel has been fully briefed. As a result, transferring the motion will not impose additional litigation burdens on Geospecialties beyond

those it would face regardless of which court resolves the dispute. *See In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 380 (D.D.C. 2017) (holding that any burden from transfer was minimal where the issuing court had held telephonic hearings thus far and where "Respondent's obligations to comply would appear to be identical regardless of which court actually enforced the subpoena; the Court discerns no reason 'why the burden of reviewing, assembling, and producing documents is any different depending on which court issues an order for [Respondent] to do so[,]'" Here, any burden associated with transfer is minimal and is outweighed by the exceptional circumstances warranting transfer under Rule 45(f).

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner GeoStabilization International, LLC's construed motion to transfer its Motion to Compel to the Colorado District Court [Record No. 1] is **GRANTED**.

2. Petitioner's Motion to Compel [Record No. 1] is **TRANSFERRED** to the United States District Court for the District of Colorado for consideration of *Geostabilization International, LLC v. Justin Anderson,* 1:24-cv-00562-RMR-KAS.

3. Respondent Geospecialties Motions to Modify Petitioner's Subpoena Duces Tecum and for Attorneys' Fees and Costs [Record No. 6] is **DENIED** without prejudice to raise the issue in the Colorado District Court.

4. Any other matters pending between Petitioner and Respondent that remain pending for disposition in this District are dismissed without prejudice to the matter being pursued in the District of Colorado. The Clerk is instructed to close this miscellaneous action.

Dated: January 27, 2026.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky